

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

December 5, 2024

*Via ECF*

The Honorable Katherine Polk Failla
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   <u>C.O. v. N.Y.C. Dep't of Educ., *et al.*</u>, No. 24 CV 2584 (KPF)

Dear Judge Failla:

I am an Assistant Corporation Counsel in the office of the Acting Corporation Counsel of the City of New York, Muriel Goode-Trufant, counsel for the Defendants in the above-referenced action. With the consent of Plaintiffs' counsel, I write to respectfully request a further 30-day adjournment of the initial pretrial conference and a concomitant extension of the related deadlines, including Defendants' time to respond to the Complaint.

This action is brought under the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), and seeks costs and attorneys' fees accrued in connection with an underlying administrative proceeding. Although Defendants are still preparing a settlement offer to Plaintiffs on this front, I recently learned that this action will be reassigned to another attorney in my office in order to more efficiently staff this matter. At the same time, I also learned today that Plaintiff's counsel, Mr. Apter-Vidler, is no longer with the Law Office of Elisa Hyman, P.C., and that this action has been reassigned on Plaintiff's side as well. I thus respectfully request an adjournment and extension of the aforementioned dates by thirty or so days so that the newly assigned attorneys can familiarize themselves with this case, as well as conduct further settlement discussions. This will, it is hoped, obviate the need for any judicial intervention, especially given the frequency with which the parties' counsel interact and their typical success in settling attorneys' fees matters between their offices.

This is Defendants' fifth application for an extension of their deadline to respond to the Complaint, the first having been granted on April 30, 2024, (ECF No. 7), the second on July 29, 2024, (ECF No. 10), the third on September 11, 2024, (ECF No. 12), and the fourth on October 29, 2024, (ECF No. 16). It is the fourth application for an adjournment of the initial pretrial conference and an extension of the related deadlines, the first having been granted on April 30, 2024, (ECF No. 7), the second on July 29, 2024, (ECF No. 10), and the third on September 12, 2024, (ECF No. 12; *see also* ECF No. 14 (specifying deadline for pre-conference statement and civil case management plan)). As noted, Plaintiffs' counsel has graciously consented to this application.

The requested extension and adjournment would move Defendants' deadline to respond to the Complaint from December 12, 2024, to January 13, 2025;[1] it would move the initial pretrial conference from December 10, 2024, to January 9, 2025;[2] and it would move the parties' deadline to submit a pre-conference letter and proposed civil case management plan from December 5, 2024, to January 2, 2025.[3]

I thank the Court for its consideration of this application.

Respectfully yours,

/s/ David S. Thayer

David S. Thayer

cc:   ***Via ECF***
Nicolas Apter-Vidler, Esq.
The Law Office of Elisa Hyman, P.C.
165 9th Avenue
Apt. 3
New York, NY 10011
*Counsel for Plaintiff*

***Via electronic mail***
Jay Weinstein, Esq.
jweinstein@specialedlawyer.com

---

[1] This date accounts for a 30-day extension otherwise falling on a Saturday.

[2] If the Court is not available on this date, my office is happy to confer with Plaintiffs' counsel about alternatives.

[3] This deadline accounts for the Court's individual practice that these filings must be made on the Thursday before the initial pretrial conference.

Application GRANTED. Defendants shall answer, move, or otherwise respond to the Complaint on or before **January 13, 2025.**

When the Court last granted the parties' request for an adjournment of the answer deadline, the Court adjourned the initial pretrial conference *sine die*. (Dkt. #16). As such, the parties request for an adjournment of the initial pretrial conference is unnecessary. The Court will reschedule the conference (as needed) once Defendants have responded to the Complaint.

The Clerk of Court is directed to terminate the pending motion at docket entry 17.

Dated:   December 6, 2024          SO ORDERED.
         New York, New York

                                   *Katherine Polk Failla*

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE